## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLARESSA DELISHA HAM,
            Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
            Agency.

DOCKET NUMBER
AT-0752-15-0518-B-1

DATE: May 18, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Claressa Delisha Ham</u>, Murfreesboro, Tennessee, pro se.

<u>Bradley Flippin</u>, Nashville, Tennessee, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a purportedly involuntary resignation for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The appellant resigned from her position as a GS-5 Human Resources Assistant with the agency effective May 1, 2015. *Ham v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-15-0518-I-1, Initial Appeal File (IAF) Tab 12 at 19. She filed an appeal with the Board alleging that her resignation was involuntary.[2] IAF, Tab 1. Without holding the appellant's requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, focusing his analysis on the potential coercive impact of the agency's failure to select the appellant for numerous positions, its denial of training opportunities for her, and its denial of her request to telework. IAF, Tab 22, Initial Decision (ID). The administrative judge also found that, absent

---

[2] The appellant applied for disability retirement benefits with the Office of Personnel Management (OPM) on April 15, 2015, and when that application was denied she filed a Board appeal. *Ham v. Office of Personnel Management*, MSPB Docket No. AT-844E-16-0236-I-2. The administrative judge affirmed OPM's reconsideration decision and the appellant filed a petition for review. That matter is addressed in a separate Board decision.

jurisdiction over the appellant's appeal, the Board also lacked jurisdiction over her race discrimination claim. *Id.* The appellant filed a petition for review challenging the administrative judge's decision.

¶3 The Board granted the appellant's petition for review, finding that, although she alleged that the circumstances the administrative judge focused upon contributed to a hostile working environment, the appellant also alleged below that it was the agency's denial of her reasonable accommodation request for her numerous medical problems that precipitated her resignation. *Ham v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-15-0518-I-1, Remand Order (Feb. 19, 2016). The Board found that the appellant made a nonfrivolous allegation of involuntariness, vacated the initial decision, and remanded the case to the regional office for a hearing on the issue of whether "the appellant's resignation was the result of coercion based on intolerable working conditions and therefore an involuntary act within the Board's jurisdiction." *Id.*, ¶¶ 7-8.

¶4 After holding a hearing, the administrative judge again dismissed the appeal for lack of jurisdiction. *Ham v. Department of Veterans Affairs*, AT-0752-15-0518-B-1, Remand File (RF), Tab 29, Remand Initial Decision (RID). He found that during the hearing, the appellant focused exclusively on her claim that her resignation was involuntary because of the agency's alleged failure to accommodate her medical issues relating to digestion and her sleep disorders.[3] RID at 2. He then considered the appellant's medical evidence and found that she failed to support her request for an accommodation of her medical conditions. RID at 5-14. He found that her request for a part-time schedule was not supported by medical evidence showing how that accommodation would allow her to perform the essential functions of her position. RID at 12. He also found

---

[3] The administrative judge noted that, while the appellant did not expressly withdraw her claims that she was forced to resign due to the agency's failure to select her for numerous positions, its denial of training opportunities for her, and race discrimination, these matters were not supported or discussed at the hearing. RID at 2.

that the appellant failed to provide medical documentation to support her request for telework and that, in any event, the appellant's position was ineligible for telework because it involved frequent face-to-face contact with applicants, new employees, and members of the public.  RID at 13.  The administrative judge noted that the Local Reasonable Accommodation Coordinator (LRAC) asked the appellant about a possible reassignment to two positions that might allow for part-time work and telework.  RID at 9.  However, the LRAC reported that the appellant lacked the necessary certification for one of the positions, and declined to accept the other position as it was lower graded.  *Id.*

¶5        Finally, the administrative judge reiterated the findings that he made in the vacated initial decision.  RID at 15.  He found that the appellant did not identify any deceptive actions or objectively coercive behavior that individually or collectively would have led a reasonable person to conclude that she had no choice but to resign.  *Id.*  He found that, although the appellant felt aggrieved by her repeated nonselection for promotions, her inability to telework, and her perception that she was being discriminated against based on her race, she identified no grounds for concluding that these circumstances left her with no effective choice but to resign.  *Id.*

¶6        The appellant has filed a petition for review contending, among other things, that the administrative judge failed to consider certain evidence below. Petition for Review (PFR) File, Tab 1.  The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by a preponderance of the evidence that her resignation was involuntary and therefore tantamount to a forced removal.  *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009).  The presumption of voluntariness may be rebutted in a number of

ways, including if the employee can establish that the resignation was the product of duress or coercion brought on by Government action, or of misleading or deceptive information.[4]  *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519 (1995); *see Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983).  A resignation may be rendered involuntary by the agency's improper denial of an employee's request for a reasonable accommodation.  *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010).

¶8      Here, the appellant indicated that she wished to continue working, but her medical issues related to digestion and her sleep disorders required modifications of her working conditions.  Further, she identified reasonable accommodations of a part-time schedule or telework that she contended would have enabled her to continue working.  At issue is whether the agency unjustifiably failed to offer either accommodation.

The appellant failed to show that the agency improperly denied her request for accommodation thus rendering her resignation involuntary.

¶9      On or about February 12, 2015, the appellant made her first request for reasonable accommodation to the agency's LRAC.  RID at 6; RF, Tab 27, Exhibit (Ex.) 5.  In that request, the appellant sought a part-time schedule, but subsequently proposed telework as an alternative.  RF, Tab 27, Exs. 5, 7.  The LRAC met with the appellant and explained the process going forward, particularly that the appellant's medical providers would have to submit information showing the appellant's need for any requested accommodation.  RID at 6-7; RF, Tab 23 at 6-7.

---

[4]  The Board has jurisdiction over constructive actions, such as an involuntary resignation, based on various fact patterns, but all constructive action claims have two things in common:  (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice.  *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013); *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 88, ¶ 8 (2010).

¶10     The record shows that the agency made a good faith effort to engage in the interactive process in an attempt to understand the appellant's medical requirements and to accommodate them.  It is well settled that both parties have an obligation not only to assist in the search for an appropriate accommodation but also to act in good faith in doing so.  *Tram v. U.S. Postal Service*, 114 M.S.P.R. 413, ¶ 13 (2010); *Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶ 11 (2005).  An employer can show its good faith efforts by requesting information about the employee's condition and what limitations the employee has, asking the employee what she specifically wants, showing some sign of having considered the employee's request, and offering and discussing available alternatives when the request is too burdensome.  *Conaway v. U.S. Postal Service*, 93 M.S.P.R. 6, ¶ 37 (2002) (citing *Taylor v. Phoenixville School District*, 184 F.3d 296, 317 (3d Cir. 1999), *superseded by statute on other grounds as stated in Rocco v. Gordon Food Service*, 998 F. Supp. 2d 422, 426 n.1 (W.D. Pa. 2014)).

¶11     We agree with the administrative judge that the appellant failed to provide the agency with clear and objective medical evidence of the need for her requested accommodations.  The physician treating the appellant's issues related to digestion stated in response to the agency's request for medical documentation that the appellant could perform her job duties if she were allowed frequent restroom access.  RF, Tab 13 at 29 of 54.  As the administrative judge correctly observed, this medical provider made no mention of a need for any other form of accommodation.  RID at 8.  The administrative judge found that the LRAC credibly testified that the agency provided the appellant ready access to a restroom and the appellant did not contest that point.[5]  RID at 9.

---

[5] The appellant argues on review that the agency failed to provide documentation to support the testimony that she was provided ready access to a restroom.  PFR File, Tab 1 at 5.  According to the appellant, every step of the interactive process is supposed to be documented, but the agency failed to do this.  *Id.*  The appellant has not challenged the finding that she was provided access to a restroom and has not explained

¶12        Regarding the appellant's contention that the agency failed to accommodate her sleep disorders, the administrative judge first addressed a July 24, 2014 letter from a physician at a sleep center who opined that he believed that the appellant was disabled, but did not identify the disability or explain how he reached that conclusion.[6]  RID at 5; IAF, Tab 13 at 7 of 65.  As the administrative judge observed, the letter does not identify workplace restrictions or accommodations. *Id.*  The administrative judge also explained that it was doubtful that the agency's LRAC received this letter, but that, in any event, it provided little useful information.  RID at 5-6.  Thereafter, in response to a request for information about her sleep disorders, in a March 25, 2015 letter, her medical provider stated that more time was needed to respond.  RID at 9; RF, Tab 27, Ex. 8.  This was the last communication to the agency from the medical professionals treating the appellant's sleep disorders prior to the appellant's resignation.[7]

---

how the purported failure to document the interactive process caused her to resign.  To the extent that the appellant is contending that the agency had to provide her the accommodation she requested, an agency must reasonably accommodate a disabled employee but need not provide the accommodation of the employee's choice.  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 15 (2014); *Heidel v. U.S. Postal Service*, 112 M.S.P.R. 100, ¶ 10 (2009).

[6] On review, the appellant alleges that the administrative judge improperly considered the July 24, 2014 letter as part of documentation supporting her reasonable accommodation request.  PFR File, Tab 1 at 4.  According to the appellant, she submitted the letter to show her entitlement for selection under the Schedule A hiring authority.  *Id.*  To the extent that the administrative judge may have erred in his consideration of the letter, the appellant has not shown how she was prejudiced by the error.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[7] The appellant argues that the administrative judge failed to consider an undated letter from her sleep disorder physician apparently to the state Department of Motor Vehicles explaining that the appellant had been involved in motor vehicle accidents due to excessive sleepiness related to her sleep disorder.  PFR File, Tab 1 at 6; RF, Tab 27, Ex. 1.  The fact that the administrative judge did not mention this letter, however, does not mean that he did not consider it.  *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  In any event, the letter makes no mention of any accommodations necessary

¶13　　　Thus, the record shows that the agency provided the accommodation identified by the appellant's physician to address her medical issues related to digestion. Regarding her sleep disorders, the appellant has not shown that the agency failed to engage in the interactive process and it was the appellant who resigned before her medical providers had an opportunity to respond to the agency with information about any possible accommodations. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 11, 14-15 (2014) (finding that the appellant's physicians' "terse and unspecific answers" to the agency's medical documentation questionnaire did not constitute a valid reasonable accommodation request). Therefore, we find that the appellant's resignation was not rendered involuntary by the agency's improper denial of her request for a reasonable accommodation. *See Hosozawa*, 113 M.S.P.R. 110, ¶ 5.

We discern no reason to disturb the administrative judge's finding, made in the first initial decision in this matter and reiterated in the remand initial decision, that the agency did not coerce the appellant's resignation.

¶14　　　As noted, in the first initial decision in this matter, the administrative judge found that the appellant failed to show that the agency's failure to select her for numerous positions, its denial of training opportunities for her, and its denial of her request to telework did not render her resignation involuntary. *See* ID. The Board vacated that decision, but after affording the appellant a hearing, the administrative judge restated his conclusions on this issue in the remand initial decision. RID at 15. The appellant does not challenge those findings in her petition for review and we discern no reason to disturb them. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole,

___

for the appellant to perform the essential functions of her positon. Furthermore, because the letter is undated, it is impossible to determine if it addresses the relevant time frame.

drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant's other arguments do not show that her resignation was involuntary.

¶15     The appellant next contends that the administrative judge failed to consider that she had an ad hoc telework agreement with the agency, that the agency did not document how much of her time on the job was spent in face-to-face interactions, and that a coworker could accomplish the face-to-face part of her duties if she were teleworking. PFR File, Tab 1 at 6-8. These arguments appear to be related to the administrative judge's finding that, notwithstanding the appellant's accommodation request, the agency was unable to accommodate the appellant's medical conditions by allowing her to telework because the appellant's duties required that she engage in frequent face-to-face contact with applicants, new employees, and members of the public, and that such duties were incompatible with teleworking. RID at 13.

¶16     The appellant's assertion that she had a telework agreement is only partially true. As the administrative judge found, at some point the agency approved "ad hoc" telework agreements for almost all agency employees. RID at 6. However, as the administrative judge also found, the agency effectively rescinded the "ad hoc" telework agreement for the appellant and all similar secretarial-type positions as they were deemed ineligible for telework based on the nature of the positions. *Id.* Thus, the administrative judge properly considered that the appellant at one time had a telework agreement. However, the appellant has presented no evidence to show that, at the time that she requested accommodation, the former ad hoc telework agreement remained in place.

¶17     The appellant also argues that the administrative judge erred by failing to consider her testimony about her leave use, low leave balance, use of leave without pay, denial of a leave request, statement by her supervisor on her disability retirement application that if her leave use became long-term it would

be unacceptable, and fear that continued use of leave without pay could have resulted in a disciplinary action. PFR File, Tab 1 at 5. Again, the fact that the administrative judge did not mention these matters does not mean that he did not consider them in reaching his decision. *Marques v. Department of Health & Human Services*, [22 M.S.P.R. 129](), 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the appellant has not explained how these events either individually or coupled with the other attendant circumstances compelled her to resign. Regarding the appellant's concern that she could have faced possible future disciplinary action, as the administrative judge observed, at the time of her resignation, there was not any discipline planned or pending against the appellant. RID at 15. Thus, she could not have been coerced into resigning by a hypothetical threat of discipline at some undefined future date. *See, e.g.*, *Staats v. U.S. Postal Service*, [99 F.3d 1120](), 1124 (Fed. Cir. 1996) (concluding that the choice between two unattractive options does not render a decision to retire or resign involuntary); *Schultz v. U.S. Navy*, [810 F.2d 1133](), 1136 (Fed. Cir. 1987) ("[W]here an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act.").

¶18     Finally, the appellant argues that the administrative judge failed to acknowledge that agency witnesses made inconsistent statements about the decision to accommodate the appellant by providing her ready access to a restroom. PFR File, Tab 1 at 8. The appellant does not argue, however, that she was not granted this accommodation. She also argues that the administrative judge erred by failing to acknowledge the witnesses' inconsistencies in their explanation of which agency officials signed the accommodation paperwork. *Id.* The appellant, once more, has not explained how this alleged inconsistency in who at the agency signed this paperwork contributed to her involuntary resignation.

¶19    In sum, we find that the appellant has failed to show that it was the agency's wrongful actions that deprived her of a meaningful choice in the matter of her decision to resign.  *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013).

¶20    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat.  1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.